UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ERIC PAYNE

                              Plaintiff,

-against-                              **ANSWER**

CITY OF ROCHESTER, ANTHONY T.        JURY TRIAL DEMANDED
PEDICONE, JOHN AND JANE DOE
POLICE OFFICERS 1-5, and RICHARD    Index No. 6:25-cv-6341
ROE NEW YORK STATE TROOPER

                              Defendants.

---

Defendants, City of Rochester ("City") and Anthony Pedicone, by and through its attorneys Patrick Beath, Corporation Counsel, and Carla Williams-Pauley, Municipal Attorney, answer Plaintiff's Complaint upon information and belief as follows:

1. Paragraph 1 is a statement of the Plaintiff's intention to redress a grievance which does not require a response. To the extent that a response is required, the allegation is denied.

2. Denies the allegations of paragraph 2.

3. Denies the allegations of paragraph 3.

4. Paragraphs 4 and 5 contain only jurisdiction statements constituting legal conclusions and consequently no response to these paragraphs is required. To the extent any response is required, the City denies these allegations.

5. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

6. Admits the allegations of paragraph 8.

7. Admits the allegations of paragraph 9, except denies the characterization of "all functions" as that is vague.

1

8. Denies the allegations of paragraph 10.

9. Admits the allegations of paragraph 11, but denies "under the color of state law" as Plaintiff appears to suggest that the underlying actions taken by the officer exceeded lawful authority.

10. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs Denies the allegations of paragraph 12.

11. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 because the paragraph refers to unnamed officers.

12. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 at page 4[1].

13. Admits the allegations of paragraph 14 at page 5.

14. Admits the allegations of paragraph 15 at page 5.

15. Admits the allegations of paragraph 16 at page 5, but denies the characterization that the refusal to pay was in any way wrongful.

16. Admits the allegations of paragraph 17 at page 5, but lacks knowledge or information sufficient to form a belief as to the truth that Plaintiff has complied with "all the statutory preequisites."

17. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.

18. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19.

---

[1] The Complaint repeats numerous paragraph numbers. To be as clear as possible, this Answer includes both the paragraph number and the corresponding page number for the paragraph numbers that appear more than once in the Complaint.

2

19. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20.

20. Lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 21 related to the Plaintiff's observation, and denies that the police vehicle's emergency lights were not activated.

21. Denies the allegations of paragraph 22.

22. Denies the allegations of paragraph 23.

23. Denies the allegations of paragraph 24.

24. Denies the allegations of paragraph 25.

25. Denies the allegations of paragraph 26.

26. Denies the allegations of paragraph 27.

27. Denies the allegations of paragraph 28, except admits that multiple RPD officers were present.

28. Denies the allegations of paragraph 29.

29. Admits the allegations of paragraph 30.

30. Denies the allegations of paragraph 31.

31. Denies the allegations of paragraph 32 as Officer Pedicone was not present at this time, but admits that Plaintiff told officers that he did not hit an officer.

32. Admits the allegations of paragraph 33, but clarifies that it was not Officer Pedicone whom asked Plaintiff to step out of the car.

33. Denies the allegations of paragraph 34.

34. Denies the allegations of paragraph 35.

35. Denies the allegations of paragraph 36.

36. Denies the allegations of paragraph 37 at page 7.

37. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 at page 7.

38. Denies the allegations of paragraph 39 at page 7.

39. Denies the allegations of paragraph 40 at page 7, but admits that no contraband was found during the search.

40. Admits the allegation of paragraph 41 at page 7 that the Plaintiff, at some point, stated he needed to use the bathroom, but denies all other allegations in this paragraph.

41. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 at page 7.

42. Denies the allegations of paragraph 43 at page 8.

43. Admits the allegation of paragraph 44 at page 8 that Officer Anthony Pedicone issued multiple traffic tickets, but denies all other allegations in this paragraph including that the tickets were "false."

44. Admits the allegation of paragraph 45 at page 8 that Officer Anthony Pedicone issued multiple tickets for violations of Vehicle and Traffic Law, but denies all remaining allegations including that the tickets were "falsely charged."

45. Admits the allegation of paragraph 46 at page 8 that the Plaintiff did not receive his wallet prior to being let go, but lacks knowledge or information sufficient to form a belief as to the truth of the allegation of "Defendant Officers" because this is vague and it is unclear which officers this paragraph refers to.

46. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 at page 8.

4

47. Admits the allegations of paragraph 48 at page 8.

48. Admits the allegation of paragraph 49 at page 8 that two RPD officers entered the Plaintiff's enclosed porch, but denies all remaining allegations including the characterization that entering the porch was in any wrongful.

49. Denies the allegations of paragraph 50 at page 8.

50. Denies the allegations of paragraph 51 at page 9.

51. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 at page 9.

52. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 at page 9.

53. Denies the allegations of paragraph 54 at page 9.

54. Denies the allegations of paragraph 55 at page 9.

55. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 at page 9.

56. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 at page 9 related to the State Trooper, and denies all other allegations.

57. Denies the allegations of paragraph 58 at page 9.

58. Denies the allegations of paragraph 59 at page 10.

59. Repeats and re-alleges its answers to all of the allegations and paragraphs referenced in paragraph 37 at page 10.

60. Paragraph 38 at page 10 is a statement of the Plaintiff's intention to redress a grievance which does not require a response. To the extent that a response is required, the allegation is denied.

61. Denies the allegations of paragraph 39 at page 10.

62. Denies the allegations of paragraph 40 at page 10.

63. Repeats and re-alleges its answers to all of the allegations and paragraphs referenced in paragraph 42 at page 11.

64. Paragraph 43 at page 11 is a statement of the Plaintiff's intention which does not require a response. To the extent that a response is required, the allegation is denied.

65. Denies the allegations of paragraph 44 at page 11.

66. Denies the allegations of paragraph 45 at page 11.

67. Denies the allegations of paragraph 46 at page 11.

68. Repeats and re-alleges its answers to all of the allegations and paragraphs referenced in paragraph 47 at page 11.

69. Denies the allegations of paragraph 48 at page 11.

70. Denies the allegations of paragraph 49 at page 11.

71. Denies the allegations of paragraph 50 at page 12.

72. Denies the allegations of paragraph 51 at page 12.

73. Denies the allegations of paragraph 52 at page 12.

74. Denies the allegations of paragraph 53 at page 12.

75. Denies the allegations of paragraph 54 at page 12.

76. Repeats and re-alleges its answers to all of the allegations and paragraphs referenced in paragraph 48 at page 12.

77. Paragraph 49 at page 12 is a statement of the Plaintiff's intention to redress a grievance which does not require a response. To the extent that a response is required, the allegation is denied.

78. Denies the allegations of paragraph 50 at page 12.

79. Denies the allegations of paragraph 51 at page 13.

80. Repeats and re-alleges its answers to all of the allegations and paragraphs referenced in paragraph 53 at page 13.

81. Paragraph 54 at page 13 is a statement of the Plaintiff's intention to redress a grievance which does not require a response. To the extent that a response is required, the allegation is denied.

82. Denies the allegations of paragraph 55 at page 13.

83. Denies the allegations of paragraph 56 at page 13.

84. Denies the allegations of paragraph 57 at page 13.

85. Denies the allegations of paragraph 58 at page 14.

86. Repeats and re-alleges its answers to all of the allegations and paragraphs referenced in paragraph 59 at page 14.

87. Denies the allegations of paragraph 60 at page 14.

88. Denies the allegations of paragraph 61 at page 14.

89. Denies the allegations of paragraph 62 at page 14.

90. Denies the allegations of paragraph 63 at page 14.

91. Denies the allegations of paragraph 64 at page 14.

92. Denies the allegations of paragraph 65 at page 14.

93. Denies the allegations of paragraph 66 at page 15.

94. Repeats and re-alleges its answers to all of the allegations and paragraphs referenced in paragraph 60 at page 15.

95. Denies the allegations of paragraph 61 at page 15.

96. Denies the allegations of paragraph 62 at page 15.

97. Denies the allegations of paragraph 63 at page 15.

98. Repeats and re-alleges its answers to all of the allegations and paragraphs referenced in paragraph 64 at page 16.

99. Denies the allegations of paragraph 65 at page 16.

100. Denies the allegations of paragraph 66 at page 16.

101. Denies the allegations of paragraph 67 at page 16.

102. Denies the allegations of paragraph 68 at page 16.

103. Repeats and re-alleges its answers to all of the allegations and paragraphs referenced in paragraph 69.

104. Denies the allegations of paragraph 70.

105. Denies the allegations of paragraph 71.

106. Denies the allegations of paragraph 72.

107. Repeats and re-alleges its answers to all of the allegations and paragraphs referenced in paragraph 73.

108. Denies the allegations of paragraph 74.

109. Denies the allegations of paragraph 75.

110. Denies the allegations of paragraph 76.

111. Denies the allegations of paragraph 77.

112. Repeats and re-alleges its answers to all of the allegations and paragraphs referenced in paragraph 78.

113. Denies the allegations of paragraph 79.

114. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80.

115. Denies the allegations of paragraph 81.

116. Denies the allegations of paragraph 82.

117. Denies the allegations of paragraph 83.

118. Denies the allegations of paragraph 84.

119. Repeats and re-alleges its answers to all of the allegations and paragraphs referenced in paragraph 85.

120. Admits the allegation of paragraph 86 that the New York State Constitution guarantees due process, but denies that the Plaintiff was denied due process.

121. Denies the allegations of paragraph 87.

122. Denies the allegations of paragraph 88.

123. Denies the allegations of paragraph 89.

124. Denies the allegations of paragraph 90.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

125. There is documentary evidence to refute the Plaintiff's allegations.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

126. The force allegedly used did not rise to the level of a Constitutional violation and was entirely and objectively reasonable and appropriate.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

127. There was probable cause for each action taken by City Defendants including, but not limited to, stopping, detainment, searches, and seizures.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

128. Plaintiff's alleged damages were caused, in whole or in part, by his own culpable conduct, including without limitation contributory and/or comparative negligence or other fault.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

129. The acts or omissions of any City Defendant or any Rochester Police Officers were not the proximate cause of the injuries about which Plaintiff complains.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

130. The individual City Defendants are entitled to qualified immunity on the grounds that they acted in a good faith belief that their actions constituted a reasonable exercise of their duties and did not breach or infringe upon the Plaintiff's Constitutional rights known by a reasonable person to exist at the time of the subject incident.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

131. All conduct by the City of Rochester and by its officer, employees, agents, or representatives was justified under the circumstances herein, was privileged conduct in the performance of Defendants' police function; and was reasonably necessary to the performance of its duties and in accordance with the requirements of law.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

132. The actions of Rochester Police Department Officers were reasonable, justified, and made in good faith; hence, punitive damages are not recoverable.

**AS AND FOR A NINTH AFFIRMATIVE
DEFENSE, DEFENDANTS STATE:**

133. The Complaint fails to allege sufficient facts supporting a claim for punitive damages.

**AS AND FOR A TENTH AFFIRMATIVE
DEFENSE, DEFENDANTS STATE:**

134. Punitive damages may not be recovered against a municipality or its employees acting within the scope of their employment and in accordance with municipal policies, practices, and procedures.

**AS AND FOR AN ELEVENTH AFFIRMATIVE
DEFENSE, DEFENDANTS STATE:**

135. The Complaint fails to comply with the rules of pleading as provided by the Federal Rules of Civil Procedure or the Rules of Pleading of the New York Civil Practice Law and Rules, given the complaint was filed in New York State court. The duplicate paragraph numbers make the complaint incomprehensible for the purposes of submitting an Answer.

**WHEREFORE**, the answering defendants demand an Order as follows:

a. Dismissing the action in its entirety with prejudice;

b. Such further and appropriate relief as the court deems just and proper.

Date: July 3, 2025

PATRICK BEATH
Corporation Counsel

By: _Carla Williams-Pauley_

CARLA WILLIAMS-PAULEY
*Attorneys for City Defendants*
30 Church Street, Room 412A
Rochester, New York 14614
(585) 428-6244
Carla.Williams-Pauley@CityofRochester.gov

TO: ROTH & ROTH, LLP
    ELLIOT SHIELDS, Esq., Of Counsel
    *Attorney for Plaintiff*
    192 Lexington Ave, Suite 802
    New York, New York 10016
    (212) 425-1020
    Eshields@rothandrothlaw.com