**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

ERIC PAYNE,

Plaintiff,

-against-

CITY OF ROCHESTER, ANTHONY T. PEDICONE, RYAN HINMAN, JARED QUINN, JOHN AND JANE DOE POLICE OFFICERS 1-5 (Names and number of whom are unknown at present),

Defendants.

25-CV-6341 (MAV) (CDH)

**SECOND AMENDED COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff ERIC PAYNE, by his attorneys, ROTH & ROTH, LLP, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

## I.    PRELIMINARY STATEMENT

1.    This action is brought pursuant to 42 U.S.C. § 1983 and New York State law to redress the deprivation of Plaintiff Eric Payne's rights, privileges, and immunities secured by the United States Constitution and the Constitution and laws of the State of New York.

2.    On February 8, 2024, Defendant Ryan Hinman, a Rochester Police Officer, falsely claimed that Plaintiff intentionally stuck him with his vehicle and drove away. Officer Hinman reported this false account to other law enforcement officers, causing plaintiff to be unlawfully stopped by New York State Trooper Jared Quinn and other members of law enforcement, including Defendant Hinman and Defendant Anthony Pedicone, another Rochester Police Officer.

3.    After being stopped, Plaintiff was forced from his vehicle by Defendants Pedicone, Hinman, and Quinn, unlawfully seized and detained, falsely arrested, and maliciously prosecuted on fabricated charges.

4.    While supervisors ultimately determined that Hinman lacked objective facts to charge Plaintiff with a "hit and run", to cover for their unlawful conduct, Defendant Anthony T. Pedicone, Ryan Hinman, and Jared Quinn falsely charged Plaintiff with several Vehicle and Traffic Law violations.

5.    All the baseless Vehicle and Traffic Law violations were ultimately dismissed in their entirety on March 14, 2024, following a trial.

## II.    JURIDICTION AND VENUE

6.    This Court has federal-question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over claims arising out of violations of the United States Constitution and 42 U.S.C. §§ 1983 and 1985.

7.    The Court has pendent jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

8.    Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Western District of New York, the judicial district where the claims arose and in which the Defendants conduct business.

## III.    PARTIES

7.    Plaintiff ERIC PAYNE is an individual residing in the County of Monroe, State of New York.

8.    Defendant CITY OF ROCHESTER ("CITY") is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.    Defendant CITY maintains the City of Rochester Police Department ("RPD"), a duly authorized police department, authorized to perform all functions of a police department.

1

10. RPD acts as Defendant CITY's agent in the area of law enforcement, and Defendant CITY assumes the risks incidental to the maintenance of a police department and the employment of police officers as said risks attach to the public.

11. Defendant ANTHONY T. PEDICONE is an individual who, at all times relevant to this Complaint, was a Police Officer employed by the Rochester Police Department and acting under color of state law and within the scope of his employment. He is sued in his individual capacity.

12. Defendant RYAN HINMAN is an individual who, at all times relevant to this Complaint, was a Police Officer employed by the Rochester Police Department and acting under color of state law and within the scope of his employment. He is sued in his individual capacity.

13. Defendant JOHN AND JANE DOE POLICE OFFICER(s) #1-5 (the names and numbers of which are currently unknown), were, at all times relevant to this Complaint, Police Officers with the RPD. Their true names will be sought through discovery and the Complaint will be amended accordingly. These officers include a. Multiple Rochester Police Department Officers who arrived at the scene and participated in the seizure, search, and ticketing of Plaintiff. b. At least two (2) white male RPD Officers who were present at the scene and later returned Plaintiff's wallet to his home. c. A black male RPD Officer who was present at the scene after the initial stop and detention and was allegedly disrespectful and rude. d. A female RPD Officer, described as blonde and short, approximately in her late 30s or early 40s, who was present at the scene while Plaintiff was detained in the police vehicle and who allegedly threatened to use pepper spray.

14. At all relevant times, Defendants ANTHONY T. PEDICONE, RYAN HINMAN, and Defendant JOHN DOE OFFICER(S) were acting under color of state law and within the

2

scope of their employment with the CITY and RPD. Defendant JOHN DOE OFFICER(S) are referred to collectively herein as "the remaining Defendant Officers." Defendants ANTHONY T. PEDICONE, RYAN HINMAN and the remaining Defendant Officers are referred to collectively as "the Defendant Officers" unless otherwise specified. They are being sued in their individual capacities.

15. Defendant JARED QUINN was, at all times relevant to this Complaint, a New York State Trooper, acting under color of state law and within the scope of his employment. JARED QUINN was involved in the traffic stop, participated in the seizure, search, and ticketing of Plaintiff. He is being sued in his individual capacity.

## IV.    COMPLIANCE WITH NOTICE OF CLAIM REQUIREMENTS

16. This action is brought against Defendant City of Rochester in compliance with New York General Municipal Law § 50-e and § 50-i.

17. A timely Notice of Claim, containing the information required by General Municipal Law § 50-e, was duly served upon the Defendant City of Rochester on or about May 7, 2024, within ninety (90) days of the accrual of the claims asserted herein.

18. More than thirty (30) days have elapsed since the service of said Notice of Claim, and the Defendant City of Rochester has failed and refused to pay or adjust the claims asserted therein.

19. This action is commenced within one year and ninety days after the happening of the events upon which the claims are based, and Plaintiff has complied with all the statutory prerequisites for bringing this action against the City of Rochester.

**V. FACTUAL ALLEGATIONS**

20. On February 8, 2024, Plaintiff ERIC PAYNE finished work at approximately 3:30 p.m. at Jay and Saxton Streets in Rochester, New York and began driving home.

21. Plaintiff was driving home in his vehicle, a white Chevrolet Camaro.

22. As Plaintiff was stopped at a red light on Jay Street, near Verona Street and North Plymouth, he observed Rochester Police Department officers searching a vehicle at a traffic stop on the opposite side of the traffic light.

23. Plaintiff stopped at the red light and observed the officers for a period. The officers had no emergency lights activated, and the RPD vehicle was parked in the middle of the street, not near the curb.

24. When the light turned green, Plaintiff proceeded to drive around the stopped vehicles and officers.

25. As Plaintiff passed the stopped vehicles, Defendant Ryan Hinman walked into the intersection without warning, directly into oncoming traffic.

26. Plaintiff did not intentionally strike Hinman.

27. Upon information and belief, Plaintiff's vehicle did not make contact with Hinman's body.

28. Hinman suffered no injuries from the alleged contact with Plaintiff's vehicle.

29. If Hinman's body was struck by Plaintiff's vehicle, it was due to Hinman's negligence and incompetence in walking into the middle of oncoming traffic without warning, and because Hinman and Pedicone negligently and/or recklessly failed to activate their emergency lights and because their RPD vehicle was parked in the middle of the street and not by the curb.

4

30.  Several seconds after Plaintiff's vehicle drove by, Hinman told Pedicone that Plaintiff's vehicle had "tapped his arm" but that he was not hurt.

31. Hinman caused Pedicone to falsely report over the radio that Plaintiff had struck Hinman with his vehicle and driven away—an apparent "hit and run."

32. Several law enforcement officers, including State Trooper Jared Quinn, then began following Plaintiff's vehicle.

33. Multiple RPD police cars followed Plaintiff for several minutes, but they did not activate their lights or sirens.

34. The RPD officers waited until Defendant Quinn caught up to Plaintiff's location.

35. At the vicinity of the intersection of Central Avenue and Goodman Street, Rochester, New York, Defendants Jared Quinn Anthony T. Pedicone, Ryan Hinman, and the other Defendant RPD officers initiated a traffic stop of Plaintiff's vehicle.

36. A large number of RPD officers got out of their cars, surrounding Plaintiff's vehicle as if he were a high-risk suspect with guns or drugs.

37. An officer asked Plaintiff for his ID, and snatched it out of his hand.

38. The officer informed Plaintiff that he was being pulled over because he allegedly hit a police officer on Jay Street and fled the scene.

39. Plaintiff never struck any police officer.

40. Plaintiff informed PEDICONE, HINMAN, QUINN, and the other Defendants he never hit any officer.

41. Officers ordered Plaintiff to step out of the car. He complied.

42. Plaintiff informed the officers that he had recently had surgery and asked them not to push him or hold his arms in uncomfortable positions, but his requests were ignored.

5

43. Defendants then forcibly yanked Plaintiff's arms behind his back and applied handcuffs to his wrists in an unreasonably tight manner, without cause or justification.

44. Plaintiff experienced significant pain because of his recent surgery, fear for his life due to the sudden escalation and excessive number of officers involved.

45. Defendant Officers, including Defendants PEDICONE, HINMAN, and QUINN unlawfully searched Plaintiff's vehicle without cause or justification. This search unnecessarily prolonged the stop and detention of Plaintiff.

46. The unlawful search of Plaintiff's vehicle yielded no contraband or evidence of any crime or traffic infraction.

47. During this time, while Plaintiff was being detained and questioned, he repeatedly informed officers that he urgently needed to use the bathroom, explaining that he took medication that made him urinate frequently, and had just had surgery.

48. Defendant Officers ignored Plaintiff's pleas to use the bathroom. One female RPD Officer, described as blonde, short, approximately in her late 30s or early 40s, present while Plaintiff was detained in a police vehicle, allegedly told him to stop shaking the car and threatened to mace him when he explained he was shaking his leg because he had to use the bathroom.

49. Unable to hold it any longer due to the unjustifiable delays to the stop, and being denied access to a restroom, Plaintiff urinated on himself while in handcuffs. Defendant Officers teased Plaintiff for this.

50. When the officers, including Defendants PEDICONE, HINMAN, and QUINN, found nothing in Plaintiff's car and could not substantiate the fabricated claim that Plaintiff had hit an officer, Defendant PEDICONE proceeded to issue Plaintiff multiple false traffic tickets.

51. These tickets falsely charged Plaintiff with violations of Vehicle and Traffic Law sections: a. VTL 1144(a) (Failure to yield the right of way), b. VTL 375(12)(a)(1) c. VTL 375(12)(a)(2), and VTL 375(12)(a)(3).

52. During the incident, Defendant Officers took Plaintiff's wallet and did not return it to him before letting him go.

53. After being released, Plaintiff realized his wallet was missing. He contacted 311 to complain and report the missing wallet.

54. Subsequently, two white male RPD officers who were present at the scene of the traffic stop came to Plaintiff's home at 102 Quincey Street, Rochester, NY, to return his wallet.

55. Upon arriving at Plaintiff's home, these two RPD officers walked directly onto Plaintiff's enclosed porch and opened the front door to his home without knocking or ringing the doorbell, entering Plaintiff's home without permission.

56. Plaintiff instructed the officers to back off his porch and property, which they eventually did, after providing Mr. Payne with his wallet.

57. Defendants PEDICONE, HINMAN, QUINN, and other Defendant Officers, initiated Plaintiff's malicious prosecution by forwarding the false charges to prosecutors, knowing they lacked probable cause and the charges were false, as a means of retaliation against Plaintiff.

58. The prosecution of Plaintiff was initiated and continued by Defendants, including Defendants PEDICONE, HINMAN, and QUINN, without probable cause and with malice.

59. The defendants, including Defendants PEDICONE, HINMAN, and QUINN, fabricated evidence, specifically the false statements contained in the traffic tickets and in corresponding reports or testimony, to support the baseless charges, the unlawful stop, and the unlawful actions taken against Plaintiff.

60. After appearing in Court on or about March 14, 2024, all of the charges relating to this incident were dismissed against Plaintiff by Judicial Hearing Officer Hon. Francis A. Affronti.

61. The actions of Defendant Officers, including PEDICONE, HINMAN, and QUINN were undertaken under color of state law and within the scope of their employment.

62. The actions of Defendant Officers, including PEDICONE, HINMAN, and QUINN, were the direct and proximate cause of Plaintiff's injuries and damages.

63. As a direct and proximate result of the unlawful conduct of Defendants, including Defendants PEDICONE, HINMAN and QUINN, Plaintiff Eric Payne has suffered severe and substantial injuries and damages, including but not limited to:

   a. Physical pain and suffering;

   b. Emotional distress, mental anguish, humiliation, and trauma;

   d. Loss of liberty;

   e. Impairment of the enjoyment of life;

   f. humiliation including urinating on himself; and

   g. Other damages to be proven at trial.

64. The actions of Defendants, including Defendants PEDICONE, HINMAN, and QUINN, were malicious, willful, wanton, oppressive, and/or in reckless disregard of Plaintiff's rights, warranting the imposition of punitive damages against them.

## VI.    CLAIMS FOR RELIEF

### A.  FEDERAL CLAIMS (Pursuant to 42 U.S.C. § 1983)

### FIRST CLAIM FOR RELIEF

### 42 U.S.C. § 1983 - Unlawful Stop

(Against Defendant RPD Officers Anthony T. Pedicone and Ryan Hinman, John and Jane Doe Officers, and Defendant Jared Quinn)

65. All preceding and subsequent paragraphs are incorporated by reference.

66. This claim is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation of Plaintiff's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

67. Defendants Anthony T. Pedicone, Ryan Hinman, Jared Quinn, and other Defendant Officers, acting under color of state law, stopped Plaintiff's vehicle on February 8, 2024, without reasonable suspicion or probable cause, thereby seizing Plaintiff in violation of his Fourth Amendment rights against unreasonable seizures.

68. As a direct and proximate result of the unlawful stop, Plaintiff suffered injuries and damages.

### SECOND CLAIM FOR RELIEF

### 42 U.S.C. § 1983 - False Arrest

(Against Defendant RPD Officers Anthony T. Pedicone and Ryan Hinman, John and Jane Doe Officers, and New York State Trooper Jared Quinn)

69. All preceding and subsequent paragraphs are incorporated by reference.

9

70. This claim is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation of Plaintiff's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

71. Defendants Anthony T. Pedicone, Jared Quinn and other Defendant Officers, acting under color of state law, seized and/or arrested Plaintiff on February 8, 2024, by forcibly removing him from his vehicle and pushing and/or throwing him against it, without probable cause, in violation of his Fourth Amendment rights.

72. Defendant Pedicone relied on knowingly false information from Defendant Ryan Hinman in seizing and arresting Plaintiff.

73. The force used by Defendants Anthony T. Pedicone, Jared Quinn, and other Defendant Officers, to remove Plaintiff from the vehicle and push and/or throw him against it was unreasonable and excessive under the circumstances, constituting an unlawful seizure and use of excessive force in violation of Plaintiff's Fourth Amendment rights.

74. As a direct and proximate result of the false arrest/unlawful seizure and excessive force, Plaintiff suffered injuries and damages.

### THIRD CLAIM FOR RELIEF

### 42 U.S.C. § 1983 - Malicious Prosecution

(Against Defendant RPD Officers Anthony T. Pedicone and Ryan Hinman, John and Jane Doe Officers, and New York State Trooper Jared Quinn)

75. All preceding and subsequent paragraphs are incorporated by reference.

76. This claim is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation of Plaintiff's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

77. Defendant RPD Officers Anthony T. Pedicone and Ryan Hinman, Trooper Jared Quinn, and other Defendant Officers, acting under color of state law, initiated or continued a criminal or quasi-criminal proceeding against Plaintiff (docket number 24020394) without probable cause and with malice, causing a deprivation of liberty (e.g., required court appearances having to defend against false charges) that terminated in Plaintiff's favor on March 14, 2024. This constitutes a malicious prosecution in violation of Plaintiff's Fourth Amendment rights.

78. As a direct and proximate result of the malicious prosecution, Plaintiff suffered damages.

## FOURTH CLAIM FOR RELIEF

### 42 U.S.C. § 1983 - Fabrication of Evidence

(Against Defendant RPD Officers Anthony T. Pedicone, Ryan Hinman, John and Jane Doe Officers, and Defendant New York State Trooper Jared Quinn)

79. All preceding and subsequent paragraphs are incorporated by reference.

80. This claim is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation of Plaintiff's rights secured by the Fourteenth Amendment (Due Process) and the Fourth Amendment to the United States Constitution.

81. Defendants Anthony T. Pedicone, Ryan Hinman, Jared Quinn, and other Defendant Officers, acting under color of state law, fabricated evidence, specifically by issuing false traffic tickets and making false statements in relation to the charges against Plaintiff, which were used in the decision to initiate or continue the charges and prosecution against Plaintiff.

82. The fabrication of evidence was intentional or reckless.

83. The fabricated evidence caused a deprivation of Plaintiff's liberty (e.g., being subjected to the malicious prosecution based on false charges) in violation of his constitutional rights.

84. As a direct and proximate result of the fabrication of evidence, Plaintiff suffered damages.

## FIFTH CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – Failure to Intervene

(Against Defendant RPD Officers Anthony T. Pedicone, Ryan Hinman, John and Jane Doe Officers, and Defendant New York State Trooper Jared Quinn)

85. All preceding and subsequent paragraphs are incorporated by reference.

86. The individual defendants all had an affirmative duty to intervene on plaintiff's behalf to prevent the violation of his rights by the other defendants.

87. Defendants, including Anthony T. Pedicone, Ryan Hinman, Jared Quinn, and other Defendant Officers failed to intervene on Plaintiff's behalf despite having had realistic opportunities to do so.

88. Defendants failed to intervene to stop and prevent the other officers from unlawfully stopping, assaulting, battering, falsely arresting, and initiating the malicious prosecution of Plaintiff, despite having had the time and opportunity to do so.

89. The individual defendants failed to intervene on plaintiff's behalf despite having substantially contributed to the circumstances within which plaintiff's rights were violated by their affirmative conduct.

90. As a result of the aforementioned conduct, Plaintiff suffered and sustained loss of liberty, emotional and psychological injuries.

91. Accordingly, Plaintiff demands judgment against the Defendants in a sum of money to be determined at trial.

92. Defendants committed the foregoing violations of Plaintiff's rights knowingly, intentionally, willfully, recklessly, and/or with deliberate indifference to Plaintiff's constitutional rights or to the effect of such misconduct upon Plaintiffs' constitutional rights.

93. By reason of the foregoing, the Defendants are liable to Plaintiff, pursuant to 42 U.S.C. § 1983, for compensatory and for punitive damages

## B. STATE LAW CLAIMS

### SIXTH CLAIM FOR RELIEF

### State Law - Unlawful Stop

(Against Defendant RPD Officers Anthony T. Pedicone, Ryan Hinman, John and Jane Doe Officers, and Defendant City of Rochester)

94. All preceding and subsequent paragraphs are incorporated by reference.

95. The Defendant City of Rochester is vicariously liable for the actions of Defendant Officers, including Defendant Anthony T. Pedicone, under the doctrine of *respondeat superior*.

96. Defendants Anthony T. Pedicone, and other Defendant Officers, acting within the scope of their employment with the City of Rochester, stopped Plaintiff's vehicle on February 8, 2024, without reasonable suspicion or probable cause, in violation of Plaintiff's rights under the laws and Constitution of the State of New York.

97. The Defendant City of Rochester is vicariously liable for the actions of Defendant Officers, including Defendant Anthony T. Pedicone, under the doctrine of *respondeat superior*.

98. As a direct and proximate result of the unlawful stop, Plaintiff suffered injuries and damages.

## SEVENTH CLAIM FOR RELIEF

### State Law - False Arrest / Unlawful Detention

(Against Defendant RPD Officers Anthony T. Pedicone, Ryan Hinman, John and Jane Doe Officers, and Defendant City of Rochester)

99. All preceding and subsequent paragraphs are incorporated by reference.

100.    Defendants Anthony T. Pedicone, and other Defendant Officers, acting within the scope of their employment with the City of Rochester, seized and/or detained Plaintiff on February 8, 2024, by forcibly removing him from his vehicle and pushing and/or throwing him against it, without probable cause or legal justification.

101.    Defendant Ryan Hinman caused Plaintiff to be stopped and detained without probable cause by making a false statement.

102.    The detention was intentional and not privileged.

103.    The Defendant City of Rochester is vicariously liable for the actions of Defendant Officers, including Defendant Anthony T. Pedicone, under the doctrine of *respondeat superior*.

104.    As a direct and proximate result of the false arrest/detention, Plaintiff suffered injuries and damages, including but not limited to emotional distress, humiliation, and the loss of liberty.

## EIGHTH CLAIM FOR RELIEF

### State Law - Malicious Prosecution

(Against Defendant RPD Officers Anthony T. Pedicone, Ryan Hinman, John and Jane Doe Officers, and Defendant City of Rochester)

105.    All preceding and subsequent paragraphs are incorporated by reference.

106.    Defendants Anthony T. Pedicone, Ryan Hinman, and other Defendant Officers, acting within the scope of their employment with the City of Rochester, initiated or continued a

14

criminal or quasi-criminal proceeding (the false traffic charges under VTL 1144(a), 375(12)(a)(1), 375(12)(a)(2), 375(12)(a)(3)) against Plaintiff by forwarding the false charges to prosecutors.

107. The proceeding terminated conclusively in favor of the Plaintiff on March 14, 2024, with a finding of Not Guilty on all charges.

108. Defendants, including Defendants Anthony T. Pedicone, Ryan Hinman, lacked probable cause to initiate or continue the proceeding, as evidenced by the unlawful stop, the fruitless search, the fabrication of evidence in the form of false tickets, and the subsequent acquittal on all charges.

109. Defendants, including Defendants Anthony T. Pedicone, Ryan Hinman, acted with actual malice in initiating and prosecuting the baseless charges.

110. The Defendant City of Rochester is vicariously liable for the actions of Defendant Officers, including Defendant Officers Pedicone and Hinman, under the doctrine of *respondeat superior*.

111. As a direct and proximate result of the malicious prosecution, Plaintiff suffered damages, including but not limited to legal fees incurred in defending the charges, emotional distress, and damage to reputation.

## NINTH CLAIM FOR RELIEF

### State Law - Due Process Violation - New York State Constitution

(Against Defendant RPD Officers Anthony T. Pedicone, Ryan Hinman, John and Jane Doe Officers, and Defendant City of Rochester)

112. All preceding and subsequent paragraphs are incorporated by reference.

15

114.   The Constitution of the State of New York, Article I, Section 6, guarantees that no person shall be deprived of liberty or property without due process of law.

115.   Defendants Anthony T. Pedicone, Ryan Hinman, and other Defendant Officers, acting under color of state law and within the scope of their employment with the City of Rochester and/or State of New York, deprived Plaintiff of his liberty interests (including freedom from unlawful seizure and detention, and the right to be free from baseless prosecution) without due process of law through their actions as described herein, including the unlawful stop, false arrest, assault, battery, unlawful search, fabrication of evidence, and malicious prosecution, all occurring on or after February 8, 2024.

116.   These deprivations were arbitrary, capricious, or without a rational basis, or otherwise violated Plaintiff's right to fundamental fairness as guaranteed by the New York State Constitution.

117.   The Defendant City of Rochester is vicariously liable for the actions of Defendant Officers, including Defendants Anthony T. Pedicone and Ryan Hinman, under the doctrine of *respondeat superior*.

118.   As a direct and proximate result of these due process violations, Plaintiff suffered injuries and damages.

## VII.   DEMAND FOR RELIEF

WHEREFORE, Plaintiff Eric Payne demands judgment against the Defendants, jointly and severally, as follows:

a. For compensatory damages in an amount to be determined at trial, but believed to be in excess of the jurisdictional minimum of all lower Courts of the State of New York;

b. For punitive damages against Defendants Anthony T. Pedicone, Ryan Hinman, and remaining Defendant John and Jane Doe Officer(s) in an amount to be determined at trial;

16

c. For reasonable attorneys' fees and costs, and interest, pursuant to 42 U.S.C. § 1988;

d. For the costs and disbursements of this action; and

e. For such other and further relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated:       New York, New York       Respectfully Submitted,
               March 17, 2026

                                ROTH & ROTH, LLP

Elliot Dolby Shields, Esq.
Attorneys for Plaintiff
192 Lexington Avenue, Suite 802
New York, New York 10024
(212) 425-1020
eshields@rothandrothlaw.com

17