**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

ERIC PAYNE

Plaintiff,

-against-

CITY OF ROCHESTER, ANTHONY T.
PEDICONE, RYAN HINMAN, JARED
QUINN, JOHN AND JANE DOE POLICE
OFFICERS 1-5 (Names and number of whom
are unknown at present)

Defendants.

**ANSWER TO SECOND AMENDED COMPLAINT**

JURY TRIAL DEMANDED

Index No. 6:25-cv-6341

Defendants, City of Rochester ("City"), Anthony Pedicone, and Ryan Hinman, by and through its attorneys Patrick Beath, Corporation Counsel, and Carla Williams-Pauley, Municipal Attorney, answer Plaintiff's Second Amended Complaint upon information and belief as follows:

1. Paragraph 1 is a statement of the Plaintiff's intention to redress a grievance which does not require a response. To the extent that a response is required, the allegation is denied.

2. Denies the allegations of paragraph 2.

3. Denies the allegations of paragraph 3.

4. Admit the allegation of paragraph 4 that Plaintiff was charged with several Vehicle and Traffic law violations, and deny all other allegations in paragraph 4.

5. Admit the allegation of paragraph 5 that the Vehicle and Traffic Law violations were ultimately dismissed, and deny all other allegations of paragraph 5.

6. Paragraphs 6, 7, and 8 contain only jurisdiction statements constituting legal conclusions and consequently no response to these paragraphs is required. To the extent any response is required, the City denies these allegations.

1

7. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 located under "III. Parties."[1]

8. Admit the allegations of paragraph 8 located under "III. Parties."

9. Admit the allegations of paragraph 9.

10. Admit the allegations of paragraph 10.

11. Denies "under the color of state law" to the extent it suggests actions exceeded lawful authority, and admit all other allegations of paragraph 11.

12. Denies "under the color of state law" to the extent it suggests actions exceeded lawful authority, and admit all other allegations of paragraph 12.

13. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 because the paragraphs refer to unnamed officers.

14. Denies "under the color of state law" in paragraph 14 to the extent it suggests actions exceeded lawful authority, and lack knowledge or information sufficient to form a belief as to the truth of the allegations relating to unnamed officers, and admit all other allegations in paragraph 14.

15. Lacks knowledge or information sufficient to form a belief as to the truth of allegations of paragraph 15 because Jared Quinn is not employed by the City of Rochester.

16. Admit the allegations of paragraph 16.

17. Admit the allegations of paragraph 17.

18. Admit the allegations of paragraph 18.

---

[1] The Complaint has two duplicated paragraph numbers under the "III. Parties" subtitle. Paragraph numbers 7 and 8 are duplicated.

19. Lacks knowledge or information sufficient to form a belief as to the truth of compliance with "all statutory prerequisites" due to lack of specificity, and admit all other allegations in paragraph 19.

20. Lacks knowledge or information sufficient to form a belief as to the truth of paragraph 20.

21. Lacks knowledge or information sufficient to form a belief as to the truth of paragraph 21 as to where Plaintiff was driving to, but admit all other allegations in paragraph 21.

22. Lacks knowledge or information sufficient to form a belief as to the truth of paragraph 22 related to the Plaintiff's observation, and admit that Rochester Police Department officers were conducting a traffic stop.

23. Denies the allegations of paragraph 23.

24. Denies the allegations of paragraph 24.

25. Denies the allegations of paragraph 25.

26. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27. Denies the allegations of paragraph 27.

28. Admit the allegations of paragraph 28.

29. Denies the allegations of paragraph 29.

30. Admit the allegation of paragraph 30 of what Hinman told Pedicone, but deny the characterization of timing.

31. Denies the allegations of paragraph 31.

32. Admit the allegations of paragraph 32.

33. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33.

34. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34.

35. Denies the allegation as to Anthony Pedicone and Ryan Hinman, and admit the remaining allegation in paragraph 35.

36. Denies the allegations of paragraph 36.

37. Denies the allegation of paragraph 37 regarding "snatching," and admit that an officer asked Plaintiff for his ID.

38. Admit the allegations of paragraph 38.

39. Denies the allegations of paragraph 39.

40. Admit the allegation of paragraph 40 that Plaintiff told officers that he did not hit an officer, but deny the allegations of paragraph 40 as to Pedicone and Hinman because they were not yet present at this time.

41. Admit the allegation of paragraph 41.

42. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42.

43. Denies the allegations of paragraph 43.

44. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44.

45. Denies the allegations of paragraph 45.

46. Denies the allegations of paragraph 46.

47. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47.

48. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48.

49. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49.

50. Denies the allegations of paragraph 50.

51. Admits the allegation of paragraph 51 that Plaintiff was issued tickets of violations of Vehicle and Traffic Law, but deny all remaining allegations including that the tickets were "falsely charged."

52. Admit the allegations of paragraph 52.

53. Lacks knowledge or information sufficient to form a belief as to the truth of paragraph 53.

54. Admit the allegations of paragraph 54.

55. Admit the allegation of paragraph 55 that two RPD officers entered the Plaintiff's enclosed porch, but deny all remaining allegations including the characterization that entering the porch was in any wrongful.

56. Admit the allegations of paragraph 56.

57. Denies the allegations of paragraph 57.

58. Denies the allegations of paragraph 58.

59. Denies the allegations of paragraph 59.

60. Admit the allegations of paragraph 60.

61. Lacks knowledge or information to form a belief as to the truth of allegations of paragraph 61 concerning Jared Quinn who is not an employee of the City of Rochester, deny negative characterization of actions, and admit remaining allegations of paragraph 61.

62. Denies the allegations of paragraph 62.

63. Denies the allegations of paragraph 63 and all subparts a through g.

64. Denies the allegations of paragraph 64.

65. Repeats and re-alleges its answers to all of the allegations and paragraphs referenced in paragraph 65.

66. Paragraph 66 is a statement of the Plaintiff's intention to redress a grievance which does not require a response. To the extent that a response is required, the allegation is denied.

67. Denies the allegations of paragraph 67.

68. Denies the allegations of paragraph 68.

69. Repeats and re-alleges its answers to all of the allegations and paragraphs referenced in paragraph 69.

70. Paragraph 70 is a statement of the Plaintiff's intention which does not require a response. To the extent that a response is required, the allegation is denied.

71. Denies the allegations of paragraph 71.

72. Denies the allegations of paragraph 72.

73. Denies the allegations of paragraph 73.

74. Denies the allegations of paragraph 74.

75. Repeats and re-alleges its answers to all of the allegations and paragraphs referenced in paragraph 75.

76. Paragraph 76 is a statement of the Plaintiff's intention which does not require a response. To the extent that a response is required, the allegation is denied.

77. Denies allegations of paragraph 77.

78. Denies allegations of paragraph 78.

79. Repeats and re-alleges its answers to all of the allegations and paragraphs referenced in paragraph 79.

80. Paragraph 80 is a statement of the Plaintiff's intention which does not require a response. To the extent that a response is required, the allegation is denied.

81. Denies allegations of paragraph 81.

82. Denies the allegations of paragraph 82.

83. Denies the allegations of paragraph 83.

84. Denies the allegations of paragraph 84.

85. Repeats and re-alleges its answers to all of the allegations and paragraphs referenced in paragraph 85.

86. Paragraph 86 is a statement of the Plaintiff's intention which does not require a response. To the extent that a response is required, the allegation is denied.

87. Denies the allegations of paragraph 87.

88. Denies the allegations of paragraph 88.

89. Denies the allegations of paragraph 89.

90. Denies the allegations of paragraph 90.

91. Denies the allegations of paragraph 91.

92. Denies the allegations of paragraph 92.

93. Denies the allegations of paragraph 93.

94. Repeats and re-alleges its answers to all of the allegations and paragraphs referenced in paragraph 94.

95. Denies the allegations of paragraph 95.

96. Denies the allegations of paragraph 96.

97. Denies the allegations of paragraph 97.

98. Denies the allegations of paragraph 98.

99. Repeats and re-alleges its answers to all of the allegations and paragraphs referenced in paragraph 99.

100. Denies the allegations of paragraph 100.

101. Denies the allegations of paragraph 101.

102. Denies the allegations of paragraph 102.

103. Denies the allegations of paragraph 103.

104. Denies the allegations of paragraph 104.

105. Repeats and re-alleges its answers to all of the allegations and paragraphs referenced in paragraph 105.

106. Denies the allegations of paragraph 106.

107. Denies the allegations of paragraph 107.

108. Denies the allegations of paragraph 108.

109. Denies the allegations of paragraph 109.

110. Denies the allegations of paragraph 110.

111. Denies the allegations of paragraph 111.

112. Repeats and re-alleges its answers to all of the allegations and paragraphs referenced in paragraph 112.

113. The Complaint does not have a paragraph numbered 113.

114. Admits the allegation of paragraph 114 that the New York State Constitution guarantees due process, but denies that the Plaintiff was denied due process.

115. Denies the allegations of paragraph 115.

116. Denies the allegations of paragraph 116.

117. Denies the allegations of paragraph 117.

118. Denies the allegations of paragraph 118.

**AS AND FOR A FIRST AFFIRMATIVE
DEFENSE, DEFENDANTS STATE:**

1. There is documentary evidence to refute the Plaintiff's allegations.

**AS AND FOR A SECOND AFFIRMATIVE
DEFENSE, DEFENDANTS STATE:**

2. The force allegedly used did not rise to the level of a Constitutional violation and was entirely and objectively reasonable and appropriate.

**AS AND FOR A THIRD AFFIRMATIVE
DEFENSE, DEFENDANTS STATE:**

3.  There was legal cause for each action taken by City Defendants including, but not limited to, stopping, detainment, issuance of tickets, and prosecution.

**AS AND FOR A FOURTH AFFIRMATIVE
DEFENSE, DEFENDANTS STATE:**

4. Plaintiff's alleged damages were caused, in whole or in part, by his own culpable conduct, including without limitation contributory and/or comparative negligence or other fault.

**AS AND FOR A FIFTH AFFIRMATIVE
DEFENSE, DEFENDANTS STATE:**

5. The acts or omissions of any City Defendant or any Rochester Police Officers were not the proximate cause of the injuries about which Plaintiff complains.

**AS AND FOR A SIXTH AFFIRMATIVE
DEFENSE, DEFENDANTS STATE:**

6. The individual City Defendants are entitled to qualified immunity on the grounds that they acted in a good faith belief that their actions constituted a reasonable exercise of their duties and did not breach or infringe upon the Plaintiff's Constitutional rights known by a reasonable person to exist at the time of the subject incident.

**AS AND FOR A SEVENTH AFFIRMATIVE
DEFENSE, DEFENDANTS STATE:**

7. All conduct by the City of Rochester and by its officer, employees, agents, or representatives was justified under the circumstances herein, was privileged conduct in the performance of Defendants' police function; and was reasonably necessary to the performance of its duties and in accordance with the requirements of law.

**AS AND FOR AN EIGHTH AFFIRMATIVE
DEFENSE, DEFENDANTS STATE:**

8. The actions of Rochester Police Department Officers were reasonable, justified, and made in good faith; hence, punitive damages are not recoverable.

**AS AND FOR A NINTH AFFIRMATIVE
DEFENSE, DEFENDANTS STATE:**

9. The Complaint fails to allege sufficient facts supporting a claim for punitive damages.

**AS AND FOR A TENTH AFFIRMATIVE
DEFENSE, DEFENDANTS STATE:**

10. Punitive damages may not be recovered against a municipality or its employees acting within the scope of their employment and in accordance with municipal policies, practices, and procedures.

10

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

11. The Court does not have jurisdiction over Defendant Ryan Hinman as he has not been served with the Summons and Complaint.

**WHEREFORE**, the answering Defendants demand an Order as follows:

    a. Dismissing the action in its entirety with prejudice;

    b. Such further and appropriate relief as the court deems just and proper.

Date: March 30, 2026

PATRICK BEATH
Corporation Counsel

By: _Carla Williams-Pauley_

CARLA WILLIAMS-PAULEY
*Attorneys for City Defendants*
30 Church Street, Room 412A
Rochester, New York 14614
(585) 428-6244
Carla.Williams-Pauley@CityofRochester.gov

TO: Attorneys of Record via PACER E-filing

11